KARRICK ET AL., APPELLEES, *v.* BOARD OF EDUCATION OF FINDLAY
SCHOOL DIST.; FINDLAY CIVIL SERVICE COMMISSION, APPELLANT.*

(No. 621—Decided October 6, 1961.)

*Mr. John J. Chester* and *Mr. Robert P. Duncan*, for appellees.

*Mr. Russell E. Rakestraw*, city solicitor, and *Mr. John C. Firmin*, for appellant.

YOUNGER, J. This action arose in the Common Pleas Court of Hancock County by petition for a declaratory judgment filed by plaintiffs who were employed as nonteaching employees in the service of the defendant board of education and served the board in various nonteaching capacities.

The Civil Service Commission of the city of Findlay, on February 2, 1960, by resolution duly adopted established a rule that all applicants for examination for nonteaching school-employee positions must be residents of the Findlay City School District; that the age limit for secretaries, clerks, typists and bookkeepers would be between the minimum age of 21 and the maximum age of 50 years; and that the age limit for bus drivers and maintenance men would be not to exceed 60 years of age. The Findlay Civil Service Commission did not hold a public hearing prior to the adoption of this rule nor did it certify a

---

*Judgment affirmed, 174 Ohio St., 73. Rehearing allowed January 30, 1963. On rehearing, judgment reversed, 174 Ohio St., 467.

copy of its rules and regulations to the Secretary of State, but such rules and regulations were duly entered upon the minutes of the Civil Service Commission. On April 6, 1960, a legal notice appeared in the Findlay Republican Courier, a local newspaper of general circulation within the area, stating that examinations would be given on April 20, 1960, for the positions of secretary, clerk and bookkeeper, which notice included a reference to the age and residence requirements previously adopted. On April 20, 1960, an examination was conducted according to the notice and two of the plaintiffs in this action, who had secured application blanks, were called from the examination room by the Civil Service Commission and were advised that due to their failure or inability to meet the age or residence requirements they would not be permitted to take the examination. Thereupon the petition for a declaratory judgment was filed. The facts are not in dispute.

The Common Pleas Court found that the regulations promulgated by the commission on February 2, 1960, have no relation to the merit and fitness of the applicants to the job sought; that with respect to schools a municipal civil service commission acts as a state agency and therefore must comply with Section 119.01 *et seq.* of the Revised Code, being the Administrative Procedure Act; that in promulgating the regulations of February 2, 1960, the Civil Service Commission of Findlay did not comply with the provisions of such Act and hence the rules adopted by the commission with respect to the employment status of plaintiffs are ineffective and void; and that the regulations adopted are unreasonable and constitute an abuse of discretion of the rule-making power by the commission; and the court held that the employment status of plaintiffs is unaffected by such regulations. The court held it unnecessary to consider the constitutionality of Section 143.01 *et seq.*, Revised Code, in so far as it attempts to include city school districts within the civil service system of the state of Ohio.

A majority of the members of this court, including the writer of this opinion, disagree with the findings and judgment of the trial court, especially upon the applicability of the Administrative Procedure Act in so far as school districts of the state of Ohio are concerned and the necessity of any city civil service commission exercising authority over a school district

to comply with the provisions thereof, and hold that a city civil service commission in the exercise of its functions as to school districts is not an agency of the state of Ohio, a county or a city, since a school district is an independent political subdivision separate and distinct in itself.

All members of this court agree that if the city Civil Service Commission here involved had authority to so act, and although the maximum age requirements may be debatable, its actions as shown by the record constituted a legitimate exercise of discretion and did not constitute an abuse of discretion. If this case were decided by this court upon the above grounds the result would be a reversal of the trial court. The effect of this would be the approval of the authority taken by the city Civil Service Commission over the nonteaching employees of the school board and the approval of the rules and regulations set up by that commission. However, it is the unanimous opinion of this court that this case cannot be disposed of upon other than constitutional grounds.

The Constitution of the state of Ohio, Section 10 of Article XV, provides for civil service as follows:

"Appointments and promotions in the civil service *of the state, the several counties,* and *cities,* shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision." (Emphasis added.)

In the case of *State, ex rel., Giovanello,* v. *Village of Lowellville,* 139 Ohio St., 219, the Supreme Court of Ohio had before it a case involving the question of whether the civil service provisions of Section 10, Article XV of the Constitution applied to villages. At page 222 the court held:

"* * * Since villages are not mentioned in the provision [Section 10, Article XV, quoted above], the maxim *expressio unius est exclusio alterius* applies; therefore villages are excluded from the operation of the constitutional provision. * * *"

By the same reasoning we hold that Section 10, Article XV of the Constitution does not apply to school districts.

The civil service provisions and restrictions set up by the Constitution are a limitation upon the right previously held by the state, the counties and cities to hire and fire their employees at will. They were adopted by the people of the state of Ohio

in the Constitution, and any attempt by the Legislature to enlarge upon this limitation or to make extensions in its applicability by adopting laws placing civil service restrictions and limitations on school districts is a usurpation and a denial of rights not authorized by the people of this state.

It is, therefore, the unanimous and specific holding of this court that Section 143.30, Revised Code, which provides that the mayor or other chief appointing authority of each city in the state shall appoint a municipal civil service commission of such city, is unconstitutional and void in so far as it provides that such "municipal civil service commission shall constitute the municipal civil service commission of * * * the city school district * * * in which such city is located."

The finding and judgment of the trial court that the employment status of plaintiffs is unaffected will, therefore, be. and the same hereby is, affirmed for the reasons set forth herein.

*Judgment affirmed.*

GUERNSEY, P. J., and MIDDLETON, J., concur.